### THORNE and Others *v.* THORNE.

Action by a son against the other heirs at law, and the widow of his
father, for specific performance of a contract to purchase land for
the son. It appeared that the father purchased the land for 600
dollars, but took title to himself, and paid all the price but 70 dol-
lars, which the son paid. It was understood the son should have
the land, and he took possession and made improvements on it, and
his father spoke of it as his, and said he would make a deed to
him, to devise it to him. ˙ The Court below found and decreed that
the other heirs and widow held the land in trust for the son, but
did not decree specific performance. *Held,* that such a decree can
not be sustained, because no trust resulted to the son by reason of
his payment of the 70 dollars, it not appearing that the conveyance
was taken in the name of his father without his consent.

APPEAL from the *Knox* Circuit Court.

WORDEN, J.—This was an action by the appellee, who was
the son of *James Thorne,* deceased, against the appellants,
who were the heirs at law and widow of the deceased, to en-
force the specific performance of a contract by which, it is
alleged, the deceased agreed to purchase for the plaintiff a
certain piece of land. It appears that the land was purchased
for the sum of 600 dollars, the deceased paying the purchase
money, except 70 dollars, which was paid by the plaintiff in
a mare taken by the party from whom the purchase was made,
at that price. The deed was taken in the name of the de-
ceased, and for aught that appears, with the consent of the
plaintiff. It was understood that the plaintiff should have
the land, and he took possession and made improvements on
·it, but the deceased died without having made any convey-
ance to the plaintiff, though in his life time he spoke of the
land as the plaintiff's, and said he would make a conveyance
or leave the land to him by his will.

Judgment for the plaintiff. The finding and judgment be-

Thorne and Others *v.* Thorne.

low were not that the contract should be specifically performed, but that the defendants held the land in trust for the plaintiff.

We are not able to perceive on what ground the judgment can be sustained. No trust resulted to the plaintiff in consequence of his having paid 70 dollars towards the purchase money, because it does not appear that the conveyance was taken in the name of the deceased without the plaintiff's consent. 1 R. S. 1852, p. 503, §§ 6, 7, 8. Nor does it appear that there was any agreement between the parties that the deceased should hold the land, or any part thereof, in trust for the plaintiff.

The case stands, then, as one for specific performance merely.

Perhaps the disparity between the amount paid by the plaintiff, which, as far as appears, was all he was to pay, and the value of the land estimated at the price paid therefor by the deceased, was not so great as to prevent specific performance, taken in connection with the fact that the plaintiff was the son of the deceased, and that natural love and affection might have been the controlling consideration. See, on this point, *Benton* v. *Shreve*, 4 Ind. 66, in connection with cases collected in 2 Lead. Ca. Eq., 3d Am. ed., p. 696. On this point we need not make any decision, as the judgment below did not proceed on the ground of specific performance.

Specific performance could not, probably, be decreed against the widow, as she does not seem to have relinquished her interest in any mode prescribed by the statute. 1 R. S. 1852, p. 251, sec. 27; *id.* p. 253, sec. 35.

*Per Curiam.*—The judgment below is reversed with costs, and the cause remanded.

*Samuel Judah* and *Wm. E. Niblack*, for the appellants.
*John Baker*, for the appellee.